NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN DOUGLAS DIAMOND,**
*Plaintiff-Appellant,*

AND

**ZAIDA GOLENA DEL ROSARIO,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5036

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0358, Judge Charles F. Lettow.

---

Decided:  September 12, 2013

---

NORMAN DOUGLAS DIAMOND, of Ome City, Japan, pro se.

ZAIDA GOLENA DEL ROSARIO, of Ome City, Japan, pro se.

JANET A. BRADLEY, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were KATHRYN KENEALLY, Assistant Attorney General and BRIDGET M. ROWAN, Attorney.

───────────────

Before LOURIE, PROST, and TARANTO, *Circuit Judges*.

PER CURIAM.

Douglas Diamond and his wife, Zaida Golena Del Rosario, lived in Japan in 2005. *Diamond v. United States*, 107 Fed. Cl. 702, 703 (Fed. Cl. 2012). During that year, they paid federal income tax to the United States through a withholding of $10,645.40 on investment income. *Id.* They filed a timely tax return in June 2006 in which they claimed a refund for the entire amount withheld. *Id.* In that return, however, they failed to provide basic information such as their social security numbers and details about deductions they claimed to reduce their foreign income to zero. *Id.* The Appellants also altered several official tax forms they included with their return. *Id.* As a result, the Internal Revenue Service ("IRS") rejected the return and provided Appellants thirty days to file a corrected one—which they failed to do. *Id.* at 704.

In October 2010, the Appellants filed a second return claiming the same refund. *Id.* While they cured some of the deficiencies present in their first return, many persisted. For example, the Appellants again failed to provide information about deductions they claimed to reduce their foreign income to zero. *Id.* And while Mr. Diamond's social security number was provided, his wife's social security number (or individual tax identification number) still was not. *Id.*

The IRS responded in writing to the Appellants second incomplete return. *See* Appellants' Reply Br. 36-41.

It requested that the Appellants provide the additional information necessary to process the return and that they complete several standard tax forms. *Id.* The IRS appears to have included "a copy of each form or schedule" that it requested from them. *Id.* The Appellants did not fully comply with the IRS's request, and their second return was ultimately rejected. *Diamond*, 107 Fed. Cl. at 704.

In June 2012, the Appellants filed suit against the United States in the Court of Federal Claims to collect the portion of their investment income that they allege was improperly withheld in 2005. *Id.* Upon motion by the government, the court dismissed their suit for lack of subject matter jurisdiction after concluding that neither of the two returns constituted a proper claim for refund. *Id.* at 707. The Appellants assert the dismissal was made in error. We disagree.

The Court of Federal Claims has jurisdiction over a claim for refund if "the taxpayers' submissions to the IRS constitute a claim for refund." *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2009), *cert. denied*, 133 S. Ct. 319 (2012). To constitute a claim for refund, a return "must contain sufficient data to allow calculation of tax and evince[] an honest and genuine endeavor to satisfy the law." *Id.* (internal quotation marks removed). As the Court of Federal Claims correctly concluded, the Appellants' returns satisfied neither of those criteria and therefore did not constitute proper claims for refund. *Diamond*, 107 Fed. Cl. at 706-07. In both returns, the Appellants refused to provide information about their deductions to substantiate their claim that they had no taxable foreign income. And neither of the returns demonstrates an honest or genuine endeavor to satisfy the requirements of the tax laws: the Appellants consistently refused to provide information necessary to process them and did not fully complete the official forms required by the IRS.

We therefore affirm the decision of the Court of Federal Claims dismissing the Appellants' suit for lack of subject matter jurisdiction.[1]   *See Waltner*, 679 F.3d at 1334 (affirming dismissal of refund suit for lack of subject matter jurisdiction).

## AFFIRMED

### COSTS

Each party shall bear their own costs.

---

[1]   The Appellants filed a motion requesting that we issue two "specific rulings" in our opinion.  Appellants' Mot. for Specific Rulings 3-5.  The motion is denied.  The subject matter of the "specific rulings" that the Appellants request is irrelevant to our disposition of this case.